UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-400 (PLF) |
| : | |
| : | **FILED** |
| HOWARD E. CAGLE, : | |
| : | FEB 1 0 2006 |
| Defendant. : | |
| : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Howard E. Cagle, hereby submit this Factual Proffer in Support of Guilty Plea. The essential elements of the offense of Assaulting, Resisting, or Impeding Certain Officers or Employees and Aiding and Abetting, in violation of 18 U.S.C. § 111(b), each of which the Government must prove beyond a reasonable doubt, are:

1. That Defendant Cagle forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States or of any agency in any branch of the United States Government while engaged in or on account of the performance of official duties; and

2. That, in assaulting, resisting, opposing, impeding, intimidating, or interfering with that officer or employee, Defendant Cagle used a deadly or dangerous weapon or inflicted bodily harm.

Had this matter proceeded to trial, the Government was prepared to prove beyond a reasonable doubt that on September 11, 2005, at approximately 2:15 a.m., Investigator Randy Parker, an employee of the Metropolitan Police Department, approached Defendant Cagle in the 600 block of Orleans Place, N.E., in Washington, D.C., in an attempt to make an undercover narcotics

purchase. Defendant Cagle reached into his waistband and pulled out a gun, which he pointed at Investigator Parker's head from a distance of about two feet away, demanding whom Investigator Parker knew in the area. Investigator Parker began backing away, saying, "Please don't shoot me, I'm trying to buy some crack cocaine, please man, please don't shoot me." Defendant Cagle continued to point the gun at Investigator Parker, who kept backing away and pleading with Defendant Cagle not to shoot him. Eventually, Investigator Parker was able to draw his service pistol, identify himself as a law enforcement officer, and shoot Defendant Cagle in the buttocks region. Defendant Cagle was placed under arrest. The gun that he pointed at Investigator Parker was determined to be an operable Crossman BB pistol that was capable of inflicting serious bodily injury. During his entire encounter with Defendant Cagle, Investigator Parker was a duly sworn Special Federal Officer performing duties assigned by the Federal Bureau of Investigation.

This factual proffer is a summary of Defendant Cagle's participation in the offense of Assaulting, Resisting ,or Impeding Certain Officers or Employees and Aiding and Abetting, and is not intended to be a complete accounting of all facts and events related to the offense. The limited purpose of this factual proffer is to demonstrate that a factual basis exists to support Defendant Cagle's guilty plea in this case.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

_____
JESSIE K. LIU
Assistant United States Attorney
D.C. Bar No. 472845
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4649
Washington, D.C. 20530
202-514-7549

**DEFENDANT'S ACKNOWLEDGMENT**

I have read this factual proffer and have discussed it with my attorney, Carlos J. Vanegas, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 2/10/06

_____
HOWARD E. CAGLE
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 2/10/06

_____
CARLOS J. VANEGAS, ESQUIRE
Attorney for Defendant